D. W. JONES v. MURPHY & LEWIS, et. als.

Where a suit was commenced on two promissory notes in the State of Kentucky, and a few days after a suit by attachment, on the same notes, was instituted in the Fifth District Court of New Orleans, and the suit in Kentucky carried to final judgment first, and a fi. fa. issued and returned nulla bona: *Held* :—That the judgment thus obtained in Kentucky could be substituted by way of amendment, in supplemental petition, as the cause of action in the Courts of this State, in place of the notes, so as to maintain the attachment. The opinion of the majority in *Wright, Williams & Co.* v. *J. J. B. White,* 14 An. 583, sustained.

APPEAL from the Fifth District Court of New Orleans, *Leaumont,* J. *Miles Taylor,* for appellant.    *S. H. Torrey,* for appellee.

HOWELL, J.   This case presents the same facts, pleadings and points of law, as the main action in the suit of *Wright, Williams & Co.* v. *White,* 14 A. 583, and after mature deliberation, we are led to adopt the views expressed by the majority of the Court in that case.

Plaintiff instituted two suits against defendants, in the State of Kentucky, where all the parties reside, on a note and bill of exchange, amounting to $12,301 05.

A few weeks thereafter, and while said suits were pending, plaintiff brought this suit by attachment, in the Fifth District Court of New Orleans on the same written instrument.

Subsequently, he filed a supplemental petition, setting forth the facts, that since the institution of this action he had obtained judgments against the defendants in the Kentucky suits, and issued executions thereon, which were returned nulla bona, alleged that he is entitled in law to introduce the copies of the said judgments in this proceeding, to establish the indebtedness of the defendants to him, and prayed for judgment in the promises as prayed for in the original petition.

To this supplemental petition, the defendants filed the exception, "that the original cause of action, if any existed, has been merged in the judgments rendered in the State of Kentucky, and the proceedings therein had, as shown by the supplemental petition and documents annexed:

That this Court, by the said proceedings of plaintiff, has been divested of jurisdiction of the matters in controversy.

Defendants plead res judicata, and prayed that the suit be dismissed.

The Court below sustained the exception and dismissed the suit, and plaintiff appealed.

As held in the case cited above, conceding that the notes sued on were merged in the Kentucky judgments, the debts are not extinguished nor the Court here divested of jurisdiction of the matters in controversy. The judgments established the debts to be due and owing from defendants to plaintiff, and, being in our jurisprudence the highest evidence of

the existence of these debts, can, upon proper allegations in an annexed petition duly served, be received as proof of the same debts declared on in the original petition. The cause of action is not changed, but merely the form of the evidence thereof. Plaintiff had the right to sue defendants on these allegations in Kentucky, and in this State at the same time, and as he could not issue execution here on the Kentucky judgments, they must avail as his proof that the obligations in controversy still exist on the part of defendants, and secure to him the benefits of the remedies in the suit pending here. The effect of the judgments rendered in Kentucky, is to fix the indebtedness of the defendants, and that effect is sought to be shown here in the mode adopted. The error which we think defendants commit, is in confounding the evidences of an obligation with the obligation itself. We are of opinion that there is no legal reason why these two judgments should not be substituted, by way of amendment, as the form in which the cause of action exists in place of the notes, for the purpose of maintaining the attachment suit. We cannot see that because plaintiff has strengthened his proof, he has weakened his rights.

For these reasons, and those given in the case of *Wright, Williams & Co.* v. *White,* 14 A. 583, we conclude that plaintiff should recover.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that plaintiff have judgment in solido against the defendants for $12,301 05, with legal interest on $4,743 45, from 1st day of August, 1861, and on $7,557 60, from 1st day of January, 1862, with costs and privilege on the property attached. Defendants to pay costs in both Courts.